in the pleadings in this case are the same as those in the companion case of State of Missouri ex inf. Franklin Miller, Circuit Attorney of the City of St. Louis, relator, v. St. Louis Union Trust Company, a corporation, respondent, 335 Mo. 845, 74 S. W. (2d) 348, with which it was argued and submitted and in which written opinion has this day been rendered. In all matters of evidence affecting our rulings therein the evidence submitted in this case is of the same general import and effect. It follows that our rulings in the St. Louis Union Trust Company case are decisive of this case.

Upon the pleadings and evidence we are constrained to hold that respondent has usurped rights and privileges not conferred upon it or warranted by law, in that it has engaged in "law business" in violation of the statutes of this State as charged in the information. In view of this conclusion we reserve ruling upon the question of respondent's amenability to law independent of the statutes.

It appears from the whole record that this proceeding was ably, fairly, vigorously and in good faith conducted on both sides for the purpose of determining what respondent could lawfully do and what it could not lawfully do in the premises pleaded. The prayer of relator's information asks neither ouster nor fine herein. The character of judgment in a *quo warranto* case is largely within the discretion of the court. [State ex rel. Barrett v. First National Bank, 297 Mo. 397; 416, 249 S. W. 619; State ex inf. Hadley v. Delmar Jockey Club, 200 Mo. 34, 66, 69, 98 S. W. 539.] We think that the evident purpose of this proceeding will be best served by imposing a nominal fine and costs upon respondent and in other respects following the prayer of the information. Therefore, it is ordered and adjudged that respondent pay a fine of One Dollar ($1.00) and the costs herein, and that respondent henceforth cease and desist from the aforesaid illegal practices and conduct its business according to law on penalty of the forfeiture of its corporate character and franchise. All concur.

---

STATE OF MISSOURI EX INF. FRANKLIN MILLER, Circuit Attorney of the City of St. Louis, Relator, v. MERCANTILE-COMMERCE BANK AND TRUST COMPANY, a Corporation.—74 S. W. (2d) 362.

Court en Banc, August 27, 1934.

*Franklin Miller* and *P. H. Cullen* for relator; *Irl B. Rosenblum* and *Cullen, Fauntleroy & Edwards* of counsel.

*Thompson, Mitchell, Thompson & Young* for respondent.

*Maurice J. O'Sullivan, Francis C. Downey* and *J. Francis O'Sullivan* for Kansas City Bar Association.

*Roy D. Williams, Allen McReynolds, R. E. Culver* and *Mercer Arnold* for Missouri Bar Association.

*Roy D. Williams, amicus curiae.*

*Montgomery, Martin & Montgomery, amicus curiae.*

*Alfred M. Seddon, James E. Goodrich, William O. Thomas, Ryland, Stinson, Mag & Thompson* and *Bowersock, Fizzell & Rhodes, amici curiae.*

ATWOOD, J.—This is an original proceeding by information in the nature of *quo warranto*. Except for the respondent named therein the pleadings in this case are the same as those in the companion case of State of Missouri ex inf. Franklin Miller, Circuit Attorney of the City of St. Louis, relator, v. St. Louis Union Trust Company, a corporation, respondent, 335 Mo. 845, 74 S. W. (2d) 348, with which it was argued and submitted and in which written opinion has this day been rendered. In all matters of evidence affecting our rulings therein the evidence submitted in this case is of the same general import and effect. It follows that our rulings in the St. Louis Union Trust Company case are decisive of this case.

Upon the pleadings and evidence we are constrained to hold that respondent has usurped rights and privileges not conferred upon it or warranted by law, in that it has engaged in "law business" in violation of the statutes of this State as charged in the information. In view of this conclusion we reserve ruling upon the question of respondent's amenability to law independent of the statutes.

It appears from the whole record that this proceeding was ably, fairly, vigorously and in good faith conducted on both sides for the purpose of determining what respondent could lawfully do and what it could not lawfully do in the premises pleaded. The prayer of

relator's information asks neither ouster nor fine herein. The character of judgment in a *quo warranto* case is largely within the discretion of the court. [State ex rel. Barrett v. First National Bank, 297 Mo. 397, 416, 249 S. W. 619; State ex inf. Hadley v. Delmar Jockey Club, 200 Mo. 34, 66, 69, 98 S. W. 539.] We think that the evident purpose of this proceeding will be best served by imposing a nominal fine and costs upon respondent and in other respects following the prayer of the information. Therefore, it is ordered and adjudged that respondent pay a fine of One Dollar ($1.00) and the costs herein, and that respondent henceforth cease and desist from the aforesaid illegal practices and conduct its business according to law on penalty of the forfeiture of its corporate charter and franchise. All concur.